IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HENDERSON and ANGIE HENDERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  CIVIL NO. 11-1118-GPM ) |
| AUTO HANDLING CORPORATION; et al, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court via removal from state court, is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). The Court concludes that this case is due to be remanded to state court.

This case was originally filed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair

County, Illinois. On December 21, 2011, Defendant Cottrell, Inc., (Cottrell) removed the matter to the Southern District of Illinois. Cottrell contends the instant case is properly removable because the case arises under federal law within the meaning of 28 U.S.C. § 1331.

Plaintiff William Henderson was an employee of Jack Cooper Transport Company, Inc. (Cooper Transport). Mr. Henderson alleges that on November 13, 2007, he incurred severe and permanent injuries while using a chain and ratchet tie-down system on a tractor-trailer rig designed and distributed by Cottrell. Accordingly, Mr. Henderson asserts claims against Cottrell and other Defendants for strict products liability, negligence, and breach of warranty. Mr. Henderson's wife, Angie Henderson, asserts a derivative claim for loss of consortium.

Cottrell argues the state-law claims asserted by the Plaintiffs are, in reality, claims for breach of a labor contract under the Labor Management Relations Act of 1947, also known as the Taft-Hartley Act ("LMRA"), 29 U.S.C. § 141 *et seq*. This is so, Cottrell argues, because Plaintiffs allege their injuries stem from Defendants' conduct in relation to an area covered by a collective bargaining agreement ("CBA") between Mr. Henderson's union and Cooper Transport, specifically, the equipment Cooper Transport provided for its employees. Apparently, the CBA did not require Cooper Transport provide its employees with equipment possessing safety characteristics, that according to Plaintiffs, the equipment should have possessed. In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). "[T]he paramount policies embodied in the well-pleaded complaint rule . . . [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99. Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007). Restricting federal question jurisdiction to cases asserting claims for relief under federal law, in addition to preserving a plaintiff's right to choose his or her forum, also "severely limits the number of cases . . . that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). The policy underlying the well-pleaded complaint rule of protecting the proper balance of power as between federal and state courts dovetails with the policy favoring narrow construction of removal. As this Court has observed on a previous occasion, "[b]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, . . . which mandate strict construction of the removal statute." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 590 (S.D. Ill. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)).

In a limited class of cases an action may arise under federal law even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by

federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 467. "In such situations, the federal statute . . . not only preempts state law but also authorizes removal of actions that sought relief only under state law." *Id*. (brackets omitted). *See also Moran v. Rush Prudential HMO, Inc*., 230 F.3d 959, 967 (7th Cir. 2000) ("Even though a complaint may not mention a federal basis of jurisdiction, the complete preemption doctrine permits recharacterization of a plaintiff's state law claim as a federal claim so that removal is proper.") (quotation marks omitted); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir. 1992) ("This right to remove cases that 'really' depend on federal law goes by the misnomer 'complete preemption.' Preemption is what wipes out the state law, but the foundation for removal is the creation of federal law to replace state law. National law occupies the field; any claim within its domain then activates [28 U.S.C.] § 1441(b).").[1] Complete preemption is a narrow exception to the well-pleaded complaint rule.

---

1. It should be noted that "complete preemption" is not the same as so-called "conflict preemption." "[F]ederal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction. Thus the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995) (citations omitted). *See also Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 601 (7th Cir. 2008) (federal law that serves "merely as a defense [is] not a basis for federal jurisdiction.") (quotation omitted); *Lister v. Stark*, 890 F.2d 941, 943 n.1 (7th Cir. 1989) ("[A] case must be remanded to state court if the sole basis for federal jurisdiction is a preemption defense and if the federal court finds that the preemption is insufficiently complete to confer federal question jurisdiction."); *Husko v. Geary Elec., Inc*., 316 F. Supp. 2d 664, 670

The Supreme Court of the United States has found complete preemption as to only four federal laws: the LMRA, *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968); a treaty concerning Native American tribal land, *see Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 681-82 (1974); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); and the National Bank Act, 12 U.S.C. § 21 *et seq. See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8-11 (2003).

Section 301 of the LMRA, 29 U.S.C. § 185(a), mandates adjudication in federal court of all claims – including causes of action ostensibly grounded in state law – that require substantial interpretation of a CBA for resolution. Specifically, Section 301 provides, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). As the United States Supreme Court has explained, Section 301 completely preempts any state-law "tort claim . . . inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). *See also Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962) (recognizing the completely preemptive effect of Section 301); *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 768 (7th Cir. 1991) (quoting *Allis-Chalmers*, 471 U.S. at 213) (Section 301

---

(N.D. Ill. 2004) ("Conflict preemption is . . . nothing more than an affirmative defense that does not trump the well-pleaded complaint rule.").

completely preempts state-law claims in both contract and tort "so long as the claim is one in which 'state tort law purports to define the meaning of the contract relationship'" under a CBA). The rationale behind complete preemption under Section 301 is that uniform federal interpretation of the terms of CBAs will "promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). *See also United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 864 (7th Cir. 1998) (citing *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957)) (noting that Section 301, by authorizing federal courts to fashion a body of federal law with respect to the enforcement of CBAs, "ensures uniform interpretation of such labor contracts and promotes peaceable resolution of legitimate labor disputes"). Of course, complete preemption does not mean that a plaintiff is without a remedy; it simply means that the remedy must be sought in federal court under federal law. *See Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1346 (7th Cir. 1986) (stating that where a "worker is covered by a collective bargaining contract and therefore has a potential federal remedy, judicial or arbitrable, . . . that remedy is exclusive; the worker has no state remedies.").

In this case, adjudication of Plaintiffs' claims do not require interpretation of the CBA between Mr. Henderson's union and Cooper Transport. The CBA specifies the equipment that Cooper Transport is obligated to provide to Mr. Henderson. However, Cottrell is not a party to the CBA and therefore has no duties under the agreement. Moreover, Cottrell is not subject to any restrictions imposed by the CBA in the way that it designs and manufactures equipment. The terms of the CBA between Mr. Henderson's union and Cooper Transport have nothing to do with resolving the issue presented by this case, namely, whether Cottrell satisfied its state-law duty to produce a reasonably safe product. A claim is not completely preempted by Section 301 of the

LMRA if it simply "relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement[.]" *Allis-Chalmers*, 471 U.S. at 220. *See also Loss v. Blankenship*, 673 F.2d 942, 946 (7th Cir. 1982) (third persons who are non-parties to a CBA may not be sued under Section 301); *Baker v. Fleet Maint., Inc.*, 409 F.2d 551, 554 (7th Cir. 1969) (same). This case will be remanded to state court.[2]

To conclude, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St, Clair County, Illinois, for lack of federal subject matter jurisdiction. All pending motions in this case are **DENIED as moot**. The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: January 11, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

2. This perhaps is the place for the Court to admonish Cottrell's attorneys that, although the federal removal statutes do not prohibit successive removals of a case, as the Seventh Circuit Court of Appeals has noted, "[m]ultiple removals could encounter problems – *could even lead to sanctions* – if nothing of significance changes between [successive removals]." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (emphasis added) (citation omitted). The Court hopes that, should Cottrell's counsel contemplate removing this case to federal court again, they will bear this friendly advice in mind.